UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BRANDON DUNSWORTH                                                         PLAINTIFF
ADC # 162662

v.                                       2:17-CV-00131-BSM/JTR

DR. KENNETH HOLDER                                                        DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Brian S. Miller.  Any party may file written objections to this Recommendation.  Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

1

## I. Introduction

On August 10, 2017, Plaintiff Brandon Dunsworth ("Dunsworth") filed this *pro se* § 1983 action alleging that, while imprisoned in the East Arkansas Regional Unit of the Arkansas Department of Correction, Defendant Dr. Kenneth L. Holder ("Dr. Holder") failed to provide him with constitutionally adequate medical care for a knee injury. *Doc. 2*. Dr. Holder is the sole remaining Defendant in the case.[1] Dunsworth seeks an award of compensatory damages.

Dr. Holder has filed a Motion for Summary Judgment, a Brief in Support, a Statement of Undisputed Facts, and a Reply. *Docs. 48-50; 55*. Dunsworth filed a Response to the Motion for Summary Judgment, *Doc. 54*, but has not controverted Dr. Holder's Undisputed Statement of Disputed Facts. *Doc. 54*.

For the following reasons, the Court recommends that Dr. Holder's Motion for Summary Judgment be granted, and that this case be dismissed, with prejudice.

## II. Facts

Before addressing the merits of Dr. Holder's Motion for Summary Judgment, the Court will set forth the relevant facts, all of which are now deemed admitted.[2]

---

[1] The Court previously granted Motions for Summary Judgment filed by former Defendants Roderick Davis, James Dycus and Rory Griffin, finding that Dunsworth failed to exhaust his administrative remedies in connection with his claims against these Defendants. *Doc. 42, 45*. Thus, Dunsworth's claims against these Defendants are no longer before the Court.

[2] The Court directed Dunsworth to file a separate "Statement of Disputed Facts"

2

1. On August 13, 2016, while working as an inmate at the ADC, Dunsworth injured his left leg when he stepped off a roof. Def.'s Exh. B, Dunsworth deposition, *Doc. 50-2 at 16-17*.

2. On August 14 2016, Dunsworth submitted a Health Services Request Form requesting treatment for an injury to his "left leg by the knee." Def.'s Exh. A, Medical Records, *Doc. 50-1 at 1*.

3. On August 19, 2016, Dunsworth was examined by a Licensed Practical Nurse ("LPN"). The LPN provided Dunsworth with Naproxen for pain, issued work restrictions, and referred Dunsworth to a physician for further assessment and treatment. *Id. at 1-2*.

4. On August 22, 2016, Dr. Holder made his initial examination of Dunsworth's knee. Dr. Holder suspected a strain of the lateral collateral ligament. He ordered x-rays; prescribed ibuprofen, 800 milligrams, for 10 days; and placed Dunsworth on work restrictions until the x-rays were complete. *Doc. 50-1 at 4-5*.

5. On August 24, 2016, Dunsworth's left leg and knee were x-rayed.

---

addressing each factual statement he disagreed with in Dr. Holder's Statement of Undisputed Facts. *Doc. 51*. Dunsworth failed to do so.
  Pursuant to Local Rule 56.1 of the Local Rules for the Eastern and Western Districts of Arkansas, "[a]ll material facts set forth in the statement filed by" Dr. Holder are deemed admitted. *See also Jackson v. Ark. Dep't of Educ., Vocational & Technical Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. Cir.2001), *cert. denied*, 536 U.S. 908 (2002) (citing Arkansas Local Rule 56.1(c) in concluding that the plaintiff "forfeited her ability to contest the facts presented" by defendant by failing to respond to the defendant's motion for summary judgment).

The radiology report concluded that Dunsworth had an "acute left knee fracture," or "a fracture involving left proximal fibula with no displacement" and "no dislocation" of the joint. *Doc. 50-1 at 6*.

6. On August 25, 2016, Dunsworth was notified of his x-ray results. *Doc. 50-1 at 7*.

7. On August 31, 2016, Dr. Holder examined Dunsworth for the second and final time. Noting the fibula fracture revealed by the x-rays, Dr. Holder renewed the ibuprofen, continued Dunsworth's work restrictions, and directed him to return in six weeks for follow-up x-rays. Dr. Holder also ordered a hinged knee brace. *Id. at 8-9*.

8. On September 30, 2016, Dunsworth submitted a Health Service Request Form complaining that his knee and leg were "still hurting." *Id. at 10*.

9. On October 3, 2016, Dunsworth was examined by a non-party nurse who evaluated Dunsworth's complaint that the pain medications were no longer working. She noted that she had been told that a knee brace had "been ordered but ha[d] not come in." *Id. at 11*.

10. On October 17, 2016, Dunsworth's records were reviewed by a second non-party nurse. She wrote that Dunsworth was "unable to have [a] hinged knee brace due to the metal in the brace." She noted that Dr. Holder had been notified and, in response, ordered a "regular knee brace with no metal." *Id. at 11*.

11. On October 19, 2016, follow-up x-rays were taken of Dunsworth's knee. The results showed that the fracture had "modestly healed." *Id.* at 15. On October 20, 2016, Dr. Holder reviewed the x-ray report. *Id.* at 16-17.

12. On October 21, 2016, Dunsworth was issued a knee brace, size XL.[3] It was too small. *Id.* at 19-20; *Doc. 50-2 at 46*.

13. On November 2, 2016, Dunsworth was issued a knee brace, size XXL. This knee brace fit, and Dunsworth was able to wear it.[4] *Id.* at 20-21; *Doc. 50-2 at 47*.

14. Dunsworth acknowledges that, despite the delay in receiving a knee brace and the fact that he never received a hinged knee brace, his knee fracture was able to heal. *Doc. 50-2 at p. 45-46. 49-50*.

15. In the medical opinion of Jeffrey Stieve, M.D., the Regional Medical Director for Correct Care Solutions, LLC, based on his review of the medical records: (a) Dr. Holder provided Dunsworth with appropriate medical care in ordering a neoprene knee sleeve to provide support for Dunsworth's knee; and (b) a hinged knee brace was not medically necessary. Def.'s Exh. C, Affidavit of Dr. Stieve, *Doc. 50-3 at 3*.

---

[3] Dunsworth filed a grievance over the delay in receiving the knee brace. His grievance was found to have merit, and he was issued an apology for the delay. *See* Recommendation. Doc. 42 at 6-7.

[4] In fact, he was still wearing it when he was deposed on June 29, 2018. Doc. 50-2 at 47.

...
...

### III. Discussion

Dr. Holder argues that he is entitled to summary judgment on the inadequate medical care claim Dunsworth has asserted against him.[5] The Court agrees.

To proceed to trial on his inadequate medical care claim, Dunsworth must come forward with evidence demonstrating a disputed issue of material fact relevant to: (1) whether he had an objectively serious medical need; and (2) whether Dr. Holder subjectively knew of, but was deliberately indifferent to, that serious medical need. *See Saylor v. Nebraska,* 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). As to the second prong of that test, it is clear that proving "deliberate indifference" requires more than evidence of negligence, or even gross negligence, and that a prisoner's mere disagreement with the course of care prescribed by his physician is *not* a sufficient evidentiary basis to prove "deliberate indifference." *Id.*; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Instead, deliberate indifference "requires proof of a reckless disregard

---

[5] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011); *see also Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) ("Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim.").

of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001).

Dunsworth argues that Dr. Holder failed to provide him with adequate medical care to treat his knee injury because he failed to ensure that Dunsworth received a knee brace with metal hinges and changed the prescription to a neoprene knee sleeve.[6] *Doc. 50-2 at 16, 48*.

As a threshold matter, no evidence exists that Dr. Holder played any role in the ADC's decision not to permit Dunsworth to have a hinged knee brace. Thus, the validity of that policy or practice is not before the Court.[7]

Dunsworth has failed to produce *any evidence* demonstrating that Dr. Holder was deliberately indifferent to his need for medical treatment for his fractured knee. To the contrary, it is undisputed that Dr. Holder: (1) promptly examined Dunsworth after he complained of issues with his knee, at which time Dr. Holder prescribed pain medication and ordered x-rays; (2) promptly examined Dunsworth a second time and prescribed pain medication and a hinged knee brace, after the x-rays revealed the non-displaced fracture; (3) promptly changed the

---

[6] Dunsworth also contends that the knee brace Dr. Holder originally prescribed was overridden by "a paranoid deputy warden." *Doc. 54 at 4*. As stated previously, Dr. Holder is the only remaining Defendant in this lawsuit, so Dunsworth's suspicions or allegations about what someone other than Dr. Holder may have done are irrelevant.

[7] Because it is based on safety considerations, such a policy or practice, on its face, seems reasonably related to legitimate penological concerns. As the Court previously noted, "hinged metal pieces along the sides of such a knee brace could create serious security problems because they easily could be fashioned into weapons." *Doc. 42 at 11*.

prescribed hinged knee brace to a neoprene knee sleeve after being advised that the facility would not permit Dunsworth to have a hinged knee brace because of the metal components.

This *undisputed course of care* fails to rise of the level of deliberate indifference. *See Logan v. Clarke*, 119 F.3d 647, 649–50 (8th Cir.1997) (finding no deliberate indifference where prison doctors treated the prisoner on "numerous occasions" and "made efforts to cure the problem in a reasonable and sensible manner"); *Kayser v. Caspari* 16 F.3d 280, 281 (8th Cir. 1994) (finding no deliberate indifference when the defendants did not "ignore [the prisoner's] allegations of pain" and provided him with "an escalating level of treatment for [his] aliments over time").

In addition, Dr. Holder has presented independent medical evidence, through the Affidavit of Dr. Stieve, that: (1) a hinged knee brace was not medically necessary; and (2) Dr. Holder provided Dunsworth with medically appropriate treatment. *Doc. 50-3*. While Dunsworth complains that Dr. Stieve's affidavit should be stricken, he provides no legal or factual basis for doing so. The use of affidavits is specifically allowed by Fed. R. Civ. P. 56(c)(4). Dr. Stieve's affidavit states that his opinions are based on his review of Dunsworth's medical records, which clearly are admissible. Dr. Stieve is a medical doctor who is licensed to practice in Arkansas. Dr. Stieve appears competent to offer an opinion on the

medical care provided by Dr. Holder. Accordingly, there is no legal basis for striking Dr. Stieve's testimony. "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010); *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007).

Dunsworth's allegations in his pleadings amount to nothing more than a disagreement with Dr. Holder over the medical treatment he provided. The law is well settled that a prison doctor remains free to exercise his or her independent professional judgment, and an inmate is not entitled to any particular course of treatment. *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008). Dunsworth has failed to present any evidence that the "course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference." *Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997) (omitting internal quotations).

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT Dr. Holder's Motion for Summary Judgment *(Doc. 48)* be GRANTED, and Dunsworth's Complaint be DISMISSED, WITH PREJUDICE.

Dated this 4th day of April, 2019.

                                                                     /s/ J. Thomas Ray
                                         UNITED STATES MAGISTRATE JUDGE